THE STATE, CHARLES V. MEAD, PROSECUTOR, v. THE TREN-
TON AND ALLENTOWN TURNPIKE COMPANY, DEFEND-
ANTS.

Commissioners having been appointed by a judge of the pleas, to examine
the road of defendants, reported that the road was not in such condi-
tion as was required by the charter, and the gates were thereupon
ordered to be opened to the public.   A subsequent order directing the
gates to be closed, and setting forth that the judge in making the same,
acted on his personal inspection and on the affidavit of a competent
witness, and showing substantially that the road had been repaired,
will be sustained, although no notice was given of the application for
such subsequent order, there being no cause pending or parties litigant.

*Certiorari* to remove and set aside order to close turnpike
gates of defendants.

The case was heard before BEDLE, DALRIMPLE and SCUD-
DER, Justices.

For plaintiff, *James S. Aitkin* and *James Wilson.*

For defendants, *A. G. Richey.*

DALRIMPLE, J.   Complaint was made to one of the judges
of the Mercer Pleas that certain parts of the Trenton and
Allentown turnpike were out of repair in certain particulars
specified.   The judge thereupon, under the provision of the
charter of the company, *Laws of* 1856, *p.* 208, § 15, appointed
three commissioners to examine the road and make report as
to its condition.   The commissioners afterwards reported in
the words of the charter, that the road was not in such con-
dition as the law required it to be kept, without specifying
whether it was out of repair in the particulars complained of,
or any of them.   The judge thereupon ordered the gates to
be' kept open until he should otherwise order.   He afterwards
ordered the gates to be shut, due proof having been produced

State, Mead, pros., v. Trenton & Allentown Turnpike Co.

before him, in accordance with the charter, that the company had repaired and amended the road in the particulars complained of.

The *certiorari* brings up the order last mentioned. Two reasons are urged for reversal.

*First.* That the judge refused to hear evidence to show that the road had not been amended in the particulars complained of, but based his order on the *ex parte* evidence of the company. I do not think the judge was bound to hear the original complainants or others in opposition to the application to close the gates. There was no cause pending before him, nor, properly speaking, any parties litigant. When the company presented to him due proof that the road had been repaired in the particulars complained of, he was bound at once, without further delay, to make order for the shutting of the gates. He was simply to institute an inquiry and proceed in a summary manner to a determination upon such evidence as was produced by the company.

The *second* objection urged is, that the judge made his order without the "due proof" required by the charter, that the road had been amended in the particulars complained of. The order is in due form, reciting that such proof had been made. The report of the commissioners does not show, as I think it should, in what particulars the road was out of repair. The judge acted in making the order complained of, not only upon his personal inspection of the road, but upon the affidavit of a competent witness, which shows substantially that the road had been put in repair. With these facts before us, we cannot say that the order to shut the gates was made without the due proof required by the charter. For aught that appears before us, the judge may have been fully warranted in finding that all defects existing at the date of the commissioners' report had been amended.

The order must be affirmed, with costs.

BEDLE and SCUDDER, Justices, concurred.